UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LORETTA MURRAY and ROGER MURRAY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No.: 3:17-CV-318-TAV-DCP ) |
| FRANK WILLIAMS, MICHAEL PEMBERTON, MARK FOSTER, and DENNIS RAY MIRACLE, | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This civil case is before the Court on the following motions: (1) Motion to Dismiss for failure to state a claim upon which relief can be granted filed by defendant Mark Foster [Doc. 9]; (2) Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted filed by defendants Chancellor Frank Williams and Judge Michael Pemberton [Doc. 17]; and (3) Motion to Dismiss for failure to state a claim upon which relief can be granted filed by defendant Dennis Miracle [Doc. 21]. The Court has reviewed the parties' memorandums in support and opposition [Docs. 10, 17, 19, 21, 27], and for the reasons that follow, the Court will grant the defendants' motions to dismiss with prejudice.

**I.** **Background**

Plaintiffs filed a forty-one page complaint [Doc. 1] against defendants Chancellor Frank Williams ("Williams") in his individual and official capacity, Judge Michael

Pemberton ("Pemberton") in his individual and official capacity, Mark Foster ("Foster") in his individual and official capacity, and Dennis Miracle ("Miracle") on July 25, 2017.[1] The allegations of the complaint relate to defendants' actions in a case filed in Roane County Chancery Court in 2009. Plaintiffs allege that defendant Williams failed to recuse from the chancery court case, despite his adverse history with plaintiffs dating back to 1981 [Doc. 1 pp. 3–4]. In addition, plaintiffs object to defendant Williams's actions in chancery court, including, among other things, prohibiting plaintiffs from recording hearings, not allowing plaintiffs to argue their case, conducting *ex parte* meetings with defendant Foster, and allowing defendant Foster to present evidence and sign orders without plaintiffs' review [*Id.* at 4–5]. Plaintiffs also claim that defendant Williams's orders were not filed in a timely fashion [*Id.* at 6]. Plaintiffs allege that defendant Williams colluded with defendants Miracle and Foster to violate their civil rights and to deny them equal protection of the law [*Id.* at 7]. Furthermore, plaintiffs state that defendant Williams ordered an injunction against plaintiff Roger Murray [*Id.* at 9]. Plaintiff Roger Murray appealed the injunction and was granted a new trial before defendant Pemberton [*Id.*]. The complaint submits that defendant Pemberton also ordered an injunction that was contrary to law [*Id.* at 9–10].

---

[1] The Court notes that on October 23, 2017, plaintiffs filed a motion to amend their complaint [Doc. 18]. The plaintiffs did so to add the following language: "Under Color of State or territorial law," "Both personally and professionally," and "to amend to conform to applicable standards as Court dictates." However, the Court does not believe these changes could fix the defects of plaintiffs' original complaint, and therefore the amendment is futile. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

The complaint also states that defendant Williams ordered plaintiff Loretta Murray and defendant Foster to work together to submit a statement of evidence but that defendant Foster refused to work with her [*Id.* at 12–13]. When she reported defendant Foster's refusal to defendant Williams, defendant Williams became upset at plaintiff Loretta Murray and signed defendant Foster's statement of evidence, which contained falsities [*Id.*]. The complaint further alleges that defendant Pemberton was also aware of the false statement of the evidence [*Id.* at 15]. Plaintiffs state that defendants Foster and Miracle profited from this conspiracy when plaintiffs were sanctioned $8,488.00—the amount of defendant Foster's legal bill, which was grossly inflated [*Id.* at 15–17]. The complaint states that the appeals court ordered the trial court to conduct a new trial with respect to the sanction and that defendant Pemberton presided over the new trial [*Id.* at 16–17].

The complaint continues that defendant Pemberton's orders were simply extensions of defendant Williams's orders [*Id.* at 17]. Plaintiffs allege that defendant Pemberton immediately displayed his prejudice toward plaintiffs, and he threatened to put plaintiff Loretta Murray in jail [*Id.*]. Defendant Pemberton upheld defendant Williams's sanction, despite hearing defendant Foster's confession that he submitted the statement of evidence [*Id.* at 19]. The complaint continues that defendant Pemberton became part of the conspiracy and that he also permitted defendant Foster to submit erroneous orders to the court.

In addition to the above allegations against defendant Foster, plaintiffs contend that he manipulated court documents in attempt to obtain plaintiff's property [*Id.* at 27]. Plaintiffs allege that all defendants colluded to violate plaintiffs' right to live and to own

3

property [*Id.* at 23]. Furthermore, the complaint states that defendant Foster engaged in malicious prosecution of plaintiffs and took part in denying them a fair trial [*Id.* at 28].

Similar allegations are made against defendant Miracle [*Id.* at 28–29]. Among other things, plaintiffs state that defendant Miracle shot at them, filmed them, refused to allow them to cut trees and bushes from their property, and tore down their mailbox [*Id.* at 29–30].

Plaintiffs bring this action for violations of 42 U.S.C. §§ 1983, 1985 and violations of the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution by all defendants [*Id.* at 33]. Plaintiffs state that all defendants took part in a conspiracy to deprive them of their rights and that they did so in violation of 18 U.S.C. § 241 [*Id.*].[2] They further allege that defendants Pemberton and Williams violated Tennessee Code Annotated § 29-20-101 and that they have engaged in judicial misconduct [*Id.* at 36]. Finally, the complaint includes a list of thirteen charges against all defendants [*Id.* at 39–40]. Each defendant in turn filed motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[3]

---

[2] This is a civil case. Absent a private right of action, a plaintiff cannot recover civilly for a violation of a criminal statute. *See Burnette v. Petway*, No. 97-5822, 1998 U.S. App. LEXIS 18269, at *3 (6th Cir. Aug. 3, 1998). Thus, the Court will not analyze this claim.

[3] Outside of defendants' motions to dismiss under Rule 12(b)(6), defendants note there are a host of other ways this complaint could be dismissed, including but not limited to the *Rooker-Feldman* doctrine to the extent plaintiffs seek appellate review of the land dispute case and *Younger* Abstention since the plaintiffs contend the state judicial proceeding giving rise to this suit is still pending. Given the ruling on defendants' 12(b)(6) motion, the Court declines to analyze these separate arguments.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. To survive a motion to dismiss, a complaint needs only a "short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to give [the opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds'" of his relief "requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. As noted, plaintiffs are proceeding *pro se*. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon

5

which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

**III. Analysis**

Plaintiffs base a majority of their complaint on allegations that all defendants violated 42 U.S.C. § 1983.[4] In order to prevail on a § 1983 claim, plaintiffs need to allege and subsequently prove two elements: (1) they were "deprived of a right secured by the Constitution or law of the United States," and (2) they were "subjected or caused to be subjected to this deprivation by a person acting under the color of state law." *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). A person acts under color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (citation and internal quotation marks omitted).

With respect to plaintiffs' claims against defendant Miracle, plaintiffs do not allege that defendant Miracle is anything but a private citizen, their neighbor, and the defendant to the land dispute case filed in chancery court giving rise to the current action. Based on the plaintiffs' complaint, it cannot be construed to allege that defendant Miracle was acting under color of state law. Therefore, the Court will grant defendant Miracle's motion to dismiss for failure to state a claim under § 1983.

---

[4] The Court recognizes plaintiffs' complaint also includes a claim under 42 U.S.C. § 1985. From the plaintiffs' complaint, it seems that they are alleging violations under clauses two and three of the act. However, the language of § 1985 allows a cause of action only if the complaint alleges some racial or perhaps some class based discrimination behind the acts of the alleged conspirators, and the complaint alleges no such discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Therefore, the Court will not analyze this claim.

Next, plaintiffs contend defendant Foster violated § 1983 through his actions as a nongovernmental lawyer representing a nongovernmental client, defendant Miracle, in the land dispute. It is well established that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk*, 454 U.S. at 318. Therefore, the Court will grant defendant Foster's motion to dismiss for failure to state a claim under § 1983.

Lastly, plaintiffs assert that defendants Williams and Pemberton violated § 1983. It is well established that judges are absolutely immune from liability for judicial acts committed within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This immunity applies "even if a judge acts erroneously, corruptly, or in excess of his jurisdiction." *Id.* at 11–12. However, there are two exceptions to this immunity: where the acts complained of are (1) non-judicial acts, or (2) actions taken in the complete absence of all jurisdiction.[5] *Id.* The Supreme Court has created a two-prong test for determining whether a judge's actions are non-judicial. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). First, the reviewing court should look to "the nature of the act itself," and whether the action is a function normally performed by a judge. *Id.* at 362. Next, the court should look at "the expectations of the parties," including whether or not they were dealing with the judge in his judicial capacity. *Id.*

---

[5] Pursuant to Tenn. Code Ann. § 16-10-101, circuit courts are courts of general jurisdiction, and the chancery courts have concurrent subject matter jurisdiction with the circuit courts in all civil causes of action. *See* Tenn. Code Ann. § 16-11-102(a). Therefore, defendants Williams and Pemberton were not without jurisdiction in their dealings with the plaintiffs in the underlying land dispute case.

Here, the actions and conduct plaintiffs complain of all revolve around how defendants Williams and Pemberton handled the land dispute case starting in 2009. These actions include screaming at plaintiffs, showing bias towards plaintiffs, and conspiring with defendants Foster and Miracle to ensure plaintiffs lost the case [Doc. 1 pp. 2–22]. Even taken as true, plaintiffs' complaint does not allege nor complain of defendants Williams or Pemberton acting outside of their roles as judges.

The specific allegations made against defendant Williams are: (1) he holds a clear bias against plaintiffs stemming back to 1981, yet he refused to recuse himself in the 2009 land dispute; (2) he allowed defendants Foster and Miracle to falsify court orders and fabricate evidence; (3) he screamed at plaintiffs many times during the proceeding; (4) he denied plaintiffs' motions during the trial; (5) he had many *ex parte* meetings and phone calls with defendant Foster concerning the case; and (6) overall that he colluded with the other defendants to deprive plaintiffs of a fair trial [Doc. 1 pp. 2–17]. Each of these allegations involve defendant Williams acting in his judicial capacity as a judge during the proceeding. Therefore, defendant Williams enjoys judicial immunity barring plaintiffs' claims against him, and thus, defendant Williams's motion to dismiss will be granted on this ground.

In regard to defendant Pemberton, plaintiffs allege he acted as an "extension" of defendant Williams once he became involved in the new trial. Moreover, it is plaintiffs' contention that defendants Pemberton and Williams spoke about the case on numerous occasions, and because of this they were deprived of a fair trial. Specifically, plaintiffs allege defendant Pemberton recognized plaintiffs were correct regarding the falsified

"statement of evidence" and the "inflated bill" defendant Foster created but nevertheless ruled against plaintiffs because of who they are [Doc. 1 p. 19]. Like their allegations against defendant Williams, plaintiffs have not alleged an act taken by defendant Pemberton that is non-judicial or outside his jurisdiction. Each act complained of deals with defendant Pemberton in his courtroom during the proceeding.

Therefore, plaintiffs' § 1983 claims will be dismissed against defendants Williams and Pemberton in both their individual and official capacities due to judicial immunity because neither exception that can overcome judicial immunity is pleaded in the complaint.

**IV. Conclusion**

For the reasons stated herein, the Court will **GRANT** defendants Williams's and Pemberton's motion to dismiss [Doc. 17] for failing to plead a claim that could overcome judicial immunity and will **GRANT** defendants Miracle's and Foster's motions to dismiss [Docs. 9 and 21] for failure to state a claim upon which relief can be granted. Because all federal claims will be **DISMISSED WITH PREJUDICE** in this case, this Court declines to retain jurisdiction over plaintiffs' state law claims. Lastly, in light of this decision, all other motions pending in this Court regarding this case will be **DENIED** as **MOOT**.

**ORDER ACCORDINGLY**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE