UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LORETTA MURRAY and ROGER MURRAY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.: 3:17-CV-318-TAV-DCP |
| FRANK WILLIAMS, MICHAEL PEMBERTON, MARK FOSTER, and DENNIS RAY MIRACLE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**CORRECTED MEMORANDUM OPINION AND ORDER**

The Court has before it plaintiffs' motion to reconsider the dismissal of this case with prejudice [Doc. 52] and defendants Mark Foster and Dennis Ray Miracle's motion for an order directing plaintiffs to make no further filings [Doc. 54]. The Court's July 21, 2018 memorandum opinion and order dismissed all federal claims in this case with prejudice and declined to retain jurisdiction over plaintiffs' state law claims [Doc. 50 p. 9]. The Court granted defendants Miracle's and Foster's motions to dismiss for failure to state a claim under § 1983, and it dismissed plaintiffs' § 1983 claims against defendants Frank Williams and Michael Pemberton due to judicial immunity because "neither exception that can overcome judicial immunity [was] pleaded in the complaint" [Doc. 50 p. 6–7, 9].

Rule 60(b) allows a party to seek relief from a final judgment and request reopening of the case under a limited set of circumstances including fraud, mistake, and newly

discovered evidence. Rule 60(b)(6) permits reopening when the movant shows "any. . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rule 60(b)(1)–(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1998). A motion under Rule 60(b) must be made within a reasonable time and in the case mistake, newly discovered evidence, or fraud is asserted, no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(b)(c).

In the instant motion, plaintiffs present no factual or legal basis for reconsidering the Court's dismissal of plaintiffs' federal claims; rather, they merely state that "this case is far from 'over'" and allege that defendants have "commit[ted] further illegal and unconstitutional acts against the Plaintiffs," which plaintiffs do not specify [Doc. 52 p. 1– 2]. The Court notes that its memorandum opinion and order and judgment dismissing plaintiffs' federal claims was entered on July 21, 2018 [Docs. 50, 51], and plaintiffs did not file their motion to reconsider until December 27, 2019 [Doc. 52].

The Court does not find that plaintiffs moved to reconsider the judgment within a reasonable time because they filed their motion almost a year and a half after the dismissal order and judgment was entered, and they have provided no justification for delay. Moreover, as noted above, plaintiffs do not cite any of the specified bases for reconsidering a judgment under Rule 60(b)(1)–(5), and they do not cite Rule 60(b), much less provide another reason "that justifies relief" under Rule 60(b)(6)'s catchall exception. Accordingly, plaintiffs' motion for reconsideration [Doc. 52] is **DENIED**.

2

Furthermore, the Court finds defendants' motion to be well-taken, noting that in addition to dismissing plaintiffs' federal claims in the instant case, the Court recently adopted the Report and Recommendation in a related case, *Murray v. Williams*, 3:19-cv-321 [Doc. 14], dismissing the complaint for lack of jurisdiction. The Court also notes that it dismissed plaintiffs' claims against all defendants, including defendant Williams, in another related suit, *Murray v. Williams*, No. 3:15-cv-284 [Doc. 78], and adopted the Report and Recommendation in that case recommending that defendants Dennis Miracle and Glenda Faye Miracle be awarded $1,314.76 in attorney's fees and expenses as a sanction for plaintiffs' filing of a foundationless claim [No. 3:15-cv-284, Docs. 85, 88]. And, the Sixth Circuit affirmed the award of attorney's fees in that case [*Id.* Doc. 110].

Accordingly, the Court will **GRANT** defendants' motion [Doc. 54], and plaintiffs are hereby **PRECLUDED, RESTRAINED,** and **ENJOINED** from filing any new civil actions in the United States District Court for the Eastern District of Tennessee **without first obtaining written certification from this Court that the complaint has some legal and factual merit**. To obtain this certification, plaintiffs must comply with the following requirements:

1. Plaintiffs must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint.

2. As an exhibit to that motion, plaintiffs must attach a declaration or sworn affidavit certifying that: (a) the claim is a new issue which has previously never been raised by them in any court and is unrelated to the claims they have alleged in prior filings; (b) the claim is not frivolous; and (c) the claim is not made maliciously or in bad faith.

3

3. By means of a second exhibit, plaintiffs must identify and list: (a) the full caption of each and every suit that has been previously filed by them in any court against each and every defendant in the suit that they wish to file, and (b) the full caption of each and every pending suit that has been previously filed by them or on their behalf.

Failure to comply with or satisfy the terms of this Order is grounds for this Court to deny any motion for leave to file made by plaintiffs.

The Clerk is **PRECLUDED, RESTRAINED, AND ENJOINED** from accepting any complaint filed by plaintiffs unless it includes this Court's certification as set forth above.

IT IS SO ORDERED *NUNC PRO TUNC* March 27, 2020.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE